**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **BRITTNEY M. WILLIAMS,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **JAMES R. LAWSON, IV,** | § |
| **Defendant.** | § |
| | § |
| | § **CASE NO. 6:25-CV-384-ADA-DNM** |
| **JAMES R. LAWSON, IV,** | § |
| **Counter-Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **BRITTNEY WILLIAMS, STATE OF** | § |
| **TEXAS, MACK B. BARNHILL, THE** | § |
| **BARNHILL LAWFIRM, PLLC, and** | § |
| **PAUL LEPAK,** | § |
| **Counter-Defendants.** | § |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the State of Texas's Motion for Remand. Dkt. No. 20. Having reviewed the Motion, James Lawson's Response, and all other relevant filings and having undertaken a *sua sponte* review of the Court's subject matter jurisdiction, the Court **RECOMMENDS** that this matter be **REMANDED** to the 264th District Court of Bell County, Texas.

## I.    <u>BACKGROUND</u>

This case relates to a divorce and related child custody and child support action filed by Brittney Williams against James Lawson in state court. Dkt. No. 20, Ex. A. The state court docket sheet shows that the original case was filed in Bell County no later than July 9, 2025. Dkt. No. 20, Ex. A. at 1. The Motion for Enforcement of Child Support Order attached to the Notice of Removal references a child support order issued in Coryell County, Texas on June 4, 2025. Dkt. No. 1 at Ex. 1 p 19. Nevertheless, the family law matter was pending in Bell County no later than July 9, 2025. Dkt No. 20, Ex 1. Lawson removed this case to federal court on August 25, 2025. According to the Motion for Remand, the case was removed two days before a scheduled child support hearing. Dkt. No. 20 at 1.

When he filed his Notice of Removal, Lawson added State of Texas, Judge Paul LePak, Mack B. Barnhill, and the Barnhill Law Firm, PLLC, as new parties and asserted claims against Williams. Dkt. No. 1 at 6-7. Williams was Lawson's ex-wife and the plaintiff in the state court proceeding. Dkt. No. 20 at Ex. A. Barnhill and his law firm represented Williams in the state court proceeding. *Id.* LePak was the judge presiding over the state court proceeding. *Id.*

In addition to his Notice of Removal, Lawson filed (1) a Notice of Constitutional Question to Texas State Statutory Scheme; (2) a Request for Judicial Notice, or in the Alternative, Motion for Required Hearing on the Same Issues; (3) a Notice Distinguishing Between the Two Basic Types of Removal and Motion for Issuance of Preliminary Relief; (4) his Affidavit Upon Widespread Corruption; (5) a Memorandum of Law Clarifying Federal Jurisdiction; (6) a Notice of Special Pro Se Litigant Rights; and (7) a Notice of Pending Amendment to Petition. Dkt. No. 4, 5, 8, 9, 10, 11, and 12. The Notice of Removal cites 28 U.S.C. § 1443(1) as the basis for removal. Dkt. No. 1 at 1. The Notice Distinguishing Between

the Two Basic Types of Removal confirms that removal is based on Section 1443(1). Dkt. No. 8. The Memorandum of Law Clarifying Established Federal Jurisdiction identifies Section 1443 as the basis for removal. Dkt. No. 10 at 4.

Lawson argues the Texas Family Code is unconstitutional. Dkt. No. 4. In his Notice of Constitutional Questions to Texas State Statutory Schemes, Lawson argues that the Texas Family Code in its entirety, and as applied by the courts and family law practitioners, is unconstitutional because it improperly interferes in various aspects of the parent-child relationship. Dkt. No. 4 at 1-2. His causes of action are further premised on claims that the Family Code is unconstitutional because it interferes with parental rights and includes financial remedies and penalties that violate federal law. Dkt. No. 1 at 10-11. Specifically, Lawson claims that the enforcement of these laws violates 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000b-2 and constitutes structural due process violations. Dkt. No. 1 at 1. Lawson uses these claims as the premise for three RICO causes of action and one cause of action under 42 U.S.C. § 1983. Dkt. No. 1 at 20-22.

## II.  <u>LEGAL STANDARDS</u>

A federal court must ensure it has subject matter jurisdiction over any case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This includes removed cases. *Id.* Consequently, a district court must consider whether a case was properly removable, was timely removed, and properly invokes the court's subject matter jurisdiction. *See id.* at 916-18.

### A.  *The requirement to review jurisdiction after removal*

Because federal court jurisdiction is limited, a federal court must presume that a suit falls outside its jurisdiction any time questions about jurisdiction are raised. *Howery*, 243 F.3d at 916. Moreover, "federal courts must address jurisdictional questions whenever they are raised and

must consider jurisdiction *sua sponte* if not raised by the parties." *Howery,* 243 F.3d at 919. A district court is also required to remand a case if it determines that it lacks subject-matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Any doubts regarding jurisdiction should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Consequently, even in the absence of a motion to remand, a court must review its subject matter jurisdiction and remand any case to state court if the court lacks subject matter jurisdiction. *See Howery,* 243 F.3d at 919.

### B.  Subject-Matter Jurisdiction is required

Federal courts may have subject-matter jurisdiction in two ways: federal question or diversity. 28 U.S.C. §§ 1331, 1332.[1] Federal question jurisdiction exists when a case or controversy arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The presence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). A defense raising a federal question or based on federal law does not establish subject-matter jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'. . . Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Consequently, a removing party claiming subject-matter jurisdiction based on a federal question

---

[1] Lawson is not claiming diversity jurisdiction.

must show that a federal right is an essential element of a plaintiff's cause of action. *Medina*, 238 F.3d at 680.

### C. Removal pursuant to 28 U.S.C. § 1443

A defendant may remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant may also remove pursuant to 28 U.S.C. § 1443, which allows removal of any civil action or criminal prosecution that is:

1. Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or

2. For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Supreme Court precedent applying Section 1443(1) requires litigants to satisfy two elements: (1) the allegedly denied rights must arise under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) the litigant was "denied or cannot enforce" the specific civil rights in state court. *Georgia v. Rachel,* 384 U.S. 780, 792–94 (1966). "[B]road constitutional claims do not satisfy the first prong of the *Rachel* test." *Louisiana v. Wells*, No. 14–00056–BAJ–RLB, 2015 WL 1276713, at *5 (M.D. La Mar. 19, 2025) (citing *State of Ga. v. Spencer*, 441 F.2d 397, 398 (5th Cir. 1971), *Smith v. Winter,* 717 F.2d 191 (5th Cir. 1983)). Indeed, Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Smith*, 717 F.2d at 194.

The second section of Section 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S.

808, 824 (1966). Consequently, this second section does not support removal by private parties like Lawson. *See id.*

### D. Removal must be timely.

A notice of removal must be filed within thirty days after service of the initial pleading. 28 U.S.C. § 1446(b)(1); *Bd. of Regents v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). If the case is not initially removable, a lawsuit may be removed within thirty days of the removing party's receipt of a copy of an amended pleading, motion, order, or other paper from which it can ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). A court must remand any case that is not timely removed. *See Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017).

## III.    ANALYSIS

Lawson argues that jurisdiction can only be decided by the jury, but that is wrong. Dkt. No. 33 at 5-6. It is well-settled that a federal court must examine its own jurisdiction *sua sponte*. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019). This is because a court is powerless to adjudicate a case if it lacks jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *Walker v. Teledyne Wah Chang*, 423 F. Supp. 2d 647, 649 (S.D. Tex. 2003) (citing *Margin v. Sea–Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987)). Consequently, it is mandatory for this Court to review its jurisdiction. *Howey*, 243 F.3d at 919. In doing so here, the Court finds that there is no federal question on the face of the Petition, Lawson cannot satisfy Section 1443, and the Notice of Removal was untimely. The Court thus recommends that the case be remanded.

### A.  Federal Question Jurisdiction

In his Notice of Removal and multiple other pleadings, Lawson claims federal question jurisdiction and jurisdiction pursuant to Section 1443, and he references his Notice of Constitutional Questions to Texas State Statutory Schemes as the basis for his claims. Lawson includes the following jurisdictional claims:

> This Court has proper jurisdiction over these cause of action pursuant to, but not limited to, the following statutory authorities: 28 USC §§ 1443 and 1446(b) [constitutional challenge to state statutes under special Section 1443 civil rights removal], see also 28 USC § 2403, as well as 28 USC §§ 1331, 1343 and 1367 [standard federal questions, and federal supplemental jurisdiction over intertwined state law claims], further pursuant to the Federal Consumer Credit Protection Act, 15 USC §§ 1601, et seq., and yet also again, as further independent jurisdiction under the False Claims Act, 31 USC § 3729, et seq., along with RICO jurisdiction under 18 U.S.C. §§ 1963 and 1964, and Declaratory jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. Moreover, this Court is an Article III court with the express authority to hear and adjudicate any questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. See also the Article VI Supremacy Clause of the Constitution of the United Staes of American, as lawfully amended.

Dkt. 1 at 4-5 (emphasis omitted). As such, it appears that Lawson alleges that the Court has federal question jurisdiction in addition to removal jurisdiction under 28 U.S.C. § 1443. Lawson does not, however, raise any facts to support his purported federal claims and does not otherwise explain how or why he has standing to assert such claims other than making numerous broad statements about parental rights, the importance of parental rights, and claims that the Texas Family Code's interference with parental rights violates the Constitution and other federal laws because of the reporting of certain financial obligations imposed or required by the Family Code and the conspiratorial effort of those enforcing the Family Code. Importantly, the claims Lawson raises in this suit post-removal are not claims made by Williams as the plaintiff in the original state action.

Removal jurisdiction is based on a plaintiff's well-pleaded complaint, not a defendant's counterclaim or post-removal filings. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 14 (1983). Thus, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint." *Id.* Consequently, even if Lawson had sufficiently plead a federal claim, "such a counterclaim would not change the nature of Plaintiff's claim and cannot be considered in determining the existence of removal jurisdiction." *SPS Owner, LLC v. Ward*, No. 423CV00067-SDJ-CAN, 2023 WL 4035075, at *3 (E.D. Tex. May 10, 2023), *report and recommendation adopted*, 2023 WL 4033336 (E.D. Tex. June 15, 2023) (citation and emphasis omitted); *Progress Residential v. Crump*, No. 4:18-CV-0467-ALM-CAN, 2018 WL 4572710, at *3 (E.D. Tex. Aug. 28, 2018), *report and recommendation adopted*, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018) (citation omitted). Therefore, because Williams as the plaintiff in the state court action did not raise a federal question in her state court pleadings, the Court lacks federal question subject-matter jurisdiction, and remand is required.[2]

### B.  28 U.S.C. § 1443 and the Rachel Test

Lawson argues that removal is proper under 28 U.S.C. § 1443. As noted above, Section 1443(1) provides for federal removal jurisdiction when a defendant otherwise lacks an enforcement remedy to protect his federal civil rights related to racial equality. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. at 824. Here, Lawson has not alleged that he is a federal officer or agent, so any right to removal he has must fall under Section 1443(1).

---

[2] Lawson's numerous removal and jurisdiction related pleadings do not dispute the nature of the state court proceeding and Exhibit 1 to the Notice of Removal includes the relevant docket sheet and the Motion for Enforcement of Child Support Order.

To remove under § 1443(1), a defendant must satisfy two elements: (1) the rights allegedly denied to the litigant arise under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) the litigant has been "denied or cannot enforce" the specific civil rights in state court. *Rachel,* 384 U.S. at 792–94. The Supreme Court has explained that "[u]nder § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Peacock*, 384 U.S. at 828. Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Winter*, 717 F.2d at 194. Here, Lawson has not satisfied either element of Section 1443(1).

## 1.   The First Element of Section 1443(1)

Lawson's Notice of Removal and subsequent filings do not meaningfully address a federal law "providing for specific civil rights stated in terms of racial equality." Instead, Lawson broadly asserts that the Family Code and related proceedings have deprived him of his rights to due process, equal protection, association, privacy, and the care and custody of his children. Dkt. No. 1, 4. Lawson further argues that "widespread abuse of all government services and programs has occurred with primary targeting of Caucasian males." Dkt. No. 1 at 19. He claims that "simply being a white male has subjected him to extraordinary maltreatment and disparate treatment within the instant state court proceeding." Dkt. No. 1 at 19-20. Lawson must provide factual support for these claims because mere "broad constitutional claims do not satisfy the first prong of the *Rachel* test." *Wells*, 2015 WL 1276713 at *5; *see U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768, 778 (S.D. Tex. 2018) (finding that conclusory references to constitutional

provisions are insufficient to satisfy the first prong of the *Rachel* test). He does not, however, identify any facts that suggest a pattern of general discriminatory treatment toward white males in state court, nor does he identify any facts of any specific discriminatory conduct directed at him.

The Eastern District of Texas addressed Section 1443 removal in the context of a state court divorce proceeding in *Robinson v. Texas*, No. 4:18-CV-0066-ALM-CAN, 2018 WL 4630207 (E.D. Tex. Mar. 6, 2018), *report and recommendation adopted*, No. 4:18-CV-66, 2018 WL 4057192 (E.D. Tex. Aug. 27, 2018). There, the defendant argued he had three independent causes of action for direct removal under civil rights Section 1443:

> (1) false deprivation of parent-child relationship without (any) due process (whatsoever);" (2) "the additional constitutional infirmity of failing to use the clear and convincing evidentiary standard in all matters allegedly pertaining to any action prospecting to impact the custody of any one or more minor children;" and (3) "the equally-as-clear constitutional violations regarding the manifestly express Title IV-D conflicts of interest of state judicial officers precluding their involvements". *Id.* at *2. The defendant also alleged that he was discriminated against based on his gender, and "denied equal protection and equal privileges and immunities [and] . . . is entitled to relief under the First Amendment, Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000b-2.

*Id.* The court held that the defendant had "not demonstrated his claims arise under a federal law providing for specific civil rights stated in terms of racial equality [because] such broad constitutional claims do not satisfy the first prong of the *Rachel* test." *Id.* (citation modified).

Here, Lawson recites the same Title 42 claims as the defendant in *Robinson*. Dkt. No. 1 at 22. Lawson also claims violations of the First, Fourth, and Fourteenth Amendments. *Id.* at 8. Like *Robinson*, the Court finds that such 'broad constitutional claims [as alleged] do not satisfy the first prong of the *Rachel* test." *Robinson*, 2018 WL 4630207 at *2.

Lawson also alleges that an "Anti-White-Male ideology" is "vastly pervasive" in Texas courts. Dkt. No. 1 at 19. Once again, he does not provide any facts to support this claim.

Furthermore, laws regarding enforcement of child support orders do not "operate as to deprive citizens of constitutional rights because of their race." *See Denson v. Williams*, 341 F. Supp. 180, 182 (S.D. Tex. 1972) (explaining that, "[w]hatever rights rehabilitated convicts may have to vote and to hold office, they are not protected by any federal law which provides for equal civil rights in terms of racial equality"); *see also Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 417 F.3d 444, 448 (5th Cir. 2005) (finding an insufficient basis for 1443 removal when the pleadings indicated "only in conclusory fashion that the contract termination was undertaken as a means by which the School Board could eliminate interference [] with its obligations under the desegregation orders"). Notably, Lawson alleges racial discrimination in his Notice of Removal, but his Notice of Constitutional Questions is silent as to race. Dkt No. 1 at 19-20; Dkt. 4. Moreover, Lawson does not allege facts demonstrating that he was deprived of his constitutional rights based on his race. Instead, Lawson's allegations are conclusory at best. *See, e.g.,* Dkt. No. 1 at 19-20 (arguing that Texas courts are "are routinely misapplying law and facts, knowingly and intentionally, in furtherance of their likeminded Anti-White-Male ideology[.]"). Lawson is thus missing an "essential" element to uphold removal under Section 1443(1). *Denson*, 341 F. Supp. at 182.

To the extent that Lawson alleges other claims that may provide "specific civil rights stated in terms of racial equality", the Court finds that the allegations are conclusory such that they do not support removal jurisdiction under Section 1443. Lawson alleges claims under 42, U.S.C. § 1981, 1983, 1985, 1986, and 2000b-2, but that is not enough. Dkt. No. 1 at 22. For example, "[i]n *Peacock*, [] the Supreme Court recognized that 42 U.S.C. § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality . . ." *Jefferson*, 314 F. Supp. 3d at 779 (citing *Peacock*, 384 U.S. at 825). Even so, "merely citing 42 U.S.C. §§

1981 and 1982 is not sufficient to satisfy the first prong of the Supreme Court's two-part test for § 1443(1) removal; removing defendants must also connect the laws to rights they claim to be asserting." *Id.* Lawson's conclusory allegations here are thus insufficient to demonstrate that Lawson was deprived of his constitutional rights based on his race.

Finally, the Motion for Remand identifies several cases in which a defendant unsuccessfully attempted to remove family-law cases under Section 1443 using identical or nearly identical claims and language to Lawson, and there are others.[3] The same law and logic apply. The result in these cases was remand. Lawson's argument thus likewise fails to establish the first element of Section 1443, and the resulting remand should be the same.

### 2. The Second Element of Section 1443(1)

Even if Lawson satisfied the first element, Lawson has not shown that any Texas law or

---

[3] *See, e.g.*, *Robinson*, 2018 WL 4630207; *Womack v. Wright*, No. 4:18-CV-0567-ALM-CAN, 2018 WL 7917073 (E.D. Tex. Nov. 30, 2018), *report and recommendation adopted*, No. 4:18-CV-567, 2019 WL 430914 (E.D. Tex. Feb. 4, 2019), *aff'd in part, appeal dismissed in part*, 788 Fed. Appx. 963 (5th Cir. 2019); *Womack v. Wright*, No. 4:15CV601, 2016 WL 270111 (E.D. Tex. Jan. 22, 2016), *report and recommendation adopted*, No. 4:15CV601, 2016 WL 3067041 (E.D. Tex. June 1, 2016), *aff'd*, 683 Fed. Appx. 271 (5th Cir. 2017); *Parris v. Parris*, No. 417CV000504ALMCAN, 2017 WL 9285518 (E.D. Tex. Sept. 19, 2017), *report and recommendation adopted*, No. 4:17-CV-504, 2017 WL 5184567 (E.D. Tex. Nov. 9, 2017); *Morrow v. Morrow*, No. CV 4:16-CV-27, 2016 WL 9709531 (E.D. Tex. Feb. 22, 2016); *Miller v. Dunn*, No. 3:24-CV-1105-D, 2024 WL 2187551 (N.D. Tex. May 15, 2024); *Miller v. Dunn*, No. 3:18-CV-1457-B-BH, 2018 WL 3216062 (N.D. Tex. June 13, 2018), *report and recommendation adopted*, No. 3:18-CV-1457-B-BH, 2018 WL 3207417 (N.D. Tex. June 29, 2018); *Dunn v. Miller*, No. 3:16-CV-3213-L, 2016 WL 9651747 (N.D. Tex. Nov. 18, 2016), *aff'd in part, dismissed in part*, 695 Fed. Appx. 799 (5th Cir. 2017); *McKenzie v. Texas*, No. 4:23-CV-00371-O-BP, 2023 WL 4828404 (N.D. Tex. June 16, 2023), *report and recommendation adopted*, No. 4:23-CV-00371-O-BP, 2023 WL 4826224 (N.D. Tex. July 27, 2023), *appeal dismissed*, No. 23-10829, 2023 WL 9547838 (5th Cir. Nov. 13, 2023); *Gee v. Texas*, No. 3:18-CV-2681-G-BN, 2018 WL 6991039 (N.D. Tex. Dec. 10, 2018), *report and recommendation adopted*, No. 3:18-CV-2681-G (BN), 2019 WL 162909 (N.D. Tex. Jan. 10, 2019); *Gee v. Texas*, No. 3:18-CV-833-D-BN, 2018 WL 3321257 (N.D. Tex. June 12, 2018), *report and recommendation adopted*, No. 3:18-CV-0833-D, 2018 WL 3302817 (N.D. Tex. July 5, 2018), *aff'd in part, appeal dismissed in part*, 769 Fed. Appx. 134 (5th Cir. 2019); *Janosek v. Gonzalez*, No. 2:17-CV-111, 2017 WL 8944035 (S.D. Tex. May 19, 2017), *report and recommendation adopted*, No. 2:17-CV-111, 2017 WL 3474104 (S.D. Tex. Aug. 11, 2017).

policy "prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims," in the state court proceeding. *Parris*, 2017 WL 9285518 at *5. Nor has Lawson shown "how his civil rights, as they pertain to racial equality, would be denied in state court in the instant action that is in question." *Id.* Instead, he argues that "simply being a white male has subjected [him] to extraordinary maltreatment and disparate treatment" in his state court case because of the "Anti-White-Male ideology that has become so vastly pervasive throughout" Texas courts. Dkt. No. 1 at 19-20. Lawson alleges no facts to suggest a pattern of discriminatory treatment toward white males in the state court or any specific discriminatory conduct directed at him by the state court. Lawson does not demonstrate that the state court proceeding, which is subject to appellate review, "will inevitably result in a violation of [his] rights under the Constitution." *Parris*, 2017 WL 9285518 at *5; *Robinson*, 2018 WL 4630207 at *5. Lawson's removal thus fails to meet either requirement of Section 1443(1), so the case must be remanded.

### C. Timing of Removal

Even if Lawson could satisfy Section 1443(1), the Court does not have jurisdiction because Lawson's Notice of Removal was untimely. A defendant must file the notice of removal within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). If the suit is not initially removable, a defendant must remove the lawsuit within thirty days of the defendant's receipt of a copy of an amended pleading, motion, order, or other paper from which the defendant can determine that the case has become removable. *Id.* at § 1446(b)(3).

Williams initiated the state court proceeding no later than July 9, 2025. Dkt. No. 20 at Exhibit A at 9 and 14. Lawson filed his removal on August 25, 2025. Lawson's Notice thus exceeds the 30-day deadline in Section 1446(b)(1) unless he can identify something that put him

on notice that the case became removable.

The state docket sheet shows there was no new pleading, motion, or other paper from which Lawson could determine the case became removable at any time within the 30 days before he filed his Notice of Removal. He also does not describe what put him on notice of his claimed right to removal. Dkt. No. 33 at 7. Nevertheless, that is a burden he must meet or the case must be remanded. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) ("[A] removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper.").

Lawson argues that only he can know the date when he had the subjective knowledge that he could remove this case, but whether a defendant can ascertain that a case is removable is not subjective. *Id.* at 608–09. Instead, "ascertain" requires citing a specific event that supports removability. "The information supporting removal in a copy of an amended pleading, motion, order, or other paper under § 1446(b)(3) must be unequivocally clear and certain to start the time limit running." *Id.*; *see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (explaining that, in the context of Section 1446(b)(1), "[w]e adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know"). Consequently, there must be a writing that a removing party can point to as being the item that gave the party notice of the right to remove. *Morgan*, 879 F.3d at 609. Lawson points to nothing.[4]

Because there is not any apparent new pleading, motion of other paper having been filed

---

[4] The Court acknowledges Lawson's *pro se* status, but that does not relieve him of compliance with well-established jurisdictional requirements. *See Schwartz-Vanderbol v. Vanderbol*, No. 4:18-CV-0883-ALM-CAN, 2019 WL 2465022, at *2 (E.D. Tex. Feb. 21, 2019), *report and recommendation adopted*, No. 4:18-CV-883, 2019 WL 1858309 (E.D. Tex. Apr. 25, 2019) ("even *pro se* litigants are still required to provide sufficient facts in support of their claims."); *Morrow*, 2016 WL 9709531 at *3 ("[P]ro se pleadings cannot be construed so liberally that the court ignores the binding precedent.").

as shown in the docket sheet within 30 days of removal and because Lawson does not identify what put him on notice of his right to removal, Lawson has not met his burden. He only claims that he removed within 30 days of his "personal ascertainment" of his right to remove. Dkt. No. 33 at 7. That is not the standard. Accordingly, remand is required based on the untimely removal.[5]

### D.  Service of Process

Lawson argues that the State's purported failure to serve the Motion to Remand on all the parties requires that it be struck. Lawson's own pleading confirms the Motion for Remand was served on the parties who had appeared at the time of filing (i.e. Lawson and Williams) as required under Federal Rule of Civil Procedure 5.[6] Moreover, even if the Motion for Remand was defective, that does not relieve the Court of its obligation to undertake a review of its jurisdiction and remand the case if necessary.

### E.  Abstention and related arguments

Because Lawson's Notice of Removal does not establish any valid basis for the Court's jurisdiction, the Court need not address the arguments that the Court should decline to exercise jurisdiction under the domestic-relations exception, *Younger* abstention, and the *Rooker-Feldman* doctrine.

---

[5] Lawson also claims that the Court cannot remand the case because the Motion to Remand was untimely. Under 28 U.S.C. 1447(c), a motion to remand on any basis **but** subject matter must be made within 30 days of removal.  This Motion to Remand is based on subject matter jurisdiction. Consequently, the 30-day deadline in Section 1447(c) does not apply.

[6] Lawson argues that Barnhill and his firm's status as a party in this matter prevents Barnhill from representing Williams such that service on Barnhill was not sufficient to serve Williams. This was not correct – Barnhill was and is Williams's attorney. Barnhill has not filed a motion to withdraw, no one has sought Barnhill's disqualification, and Barnhill has not been disqualified.

### F. Federal Defendants

In his Notice of Removal, Lawson attempted to realign himself as "Plaintiff-Petitioner" and added Paul LePak, Mack B. Barnhill, IV, Barnhill Law Firm, PLLC, and the State of Texas as "Cross-Defendants" and Brittney Williams as "Counter Defendant", but removal alone does not realign the parties. *See* 28 U.S.C. § 1446. In any event, Section 1443 does not permit Lawson to add parties. 28 U.S.C. § 1443. By its plain language, Section 1443 applies only to "civil actions or criminal prosecutions[] commenced in a State court[.]" *Id.*

Lawson's purported case against LePak, Barnhill, the Barnhill Law Firm, and the State of Texas was not "commenced" in state court. Instead, Lawson attempted to add the parties in the Notice of Removal. The state court proceeding is limited to the family law matters between Williams and Lawson. Moreover, a notice of removal is not the appropriate vehicle to add a third party. *See* FED. R. CIV. P 14(a)(1) ("A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). Accordingly, the Court recommends that LePak, Barnhill, Barnhill Law Firm, and the State of Texas be dismissed. *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Yee v. Passline Servs., LP*, No. EP-17-CV-317-PRMM, 2018 WL 507083, at *4 (W.D. Tex. Jan. 22, 2018) (dismissing defendants following a Section 1443 removal because the plaintiff "has not maintained that any of the Defendants listed in her original Complaint, besides Passline, were parties to the Eviction Suit.").

### G. False Act Claim

In addition, Lawson purports to bring a False Act Claim in the name of the United States of America pursuant to 31 U.S.C. § 3730. The United States filed a motion to dismiss Lawson's False Claims Act cause of action. That Motion is unopposed. Dkt. No. 19. Accordingly, the

Court recommends the dismissal of the False Claims Act crossclaim brought in the name of the Under States of America based on the reasons discussed above and the unopposed motion to dismiss.

## IV.    CONCLUSION AND RECOMMENDATION

Even if the State of Texas did not seek remand, the Court would have the obligation to review whether it has subject matter jurisdiction. That review, as shown above, shows that subject- matter jurisdiction is lacking, the basis for removal was improper, and the removal was untimely. The same review demonstrates that LePak, Barnhill, the Barnhill Law Firm, and the State of Texas were improperly added as parties.

The Court thus **RECOMMENDS** that this case be **REMANDED** to the 264th District Court of Bell County, Texas. It is further recommended that LePak, Barnhill, the Barnhill Law Firm, and the State of Texas be **DISMISSED** as Defendants.  In addition, it is recommended that The United States' Motion to Dismiss filed at Docket Number 19 be **GRANTED** and that Lawson's False Claims Act crossclaim brought on behalf of the United States of America be **DISMISSED**. Furthermore, it is recommended that the remaining pending Motions (Dkt. No. 5; Dkt. No. 7; Dkt. No. 14; Dkt. No. 21; Dkt. No. 32; Dkt. No. 33; and Dkt. No. 43) be **DENIED AS MOOT**.

## OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this

Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 12th day of February, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE